IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELZA PITTMAN, | No. CIV S-08-2413-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ALVARO C. TRAQUINA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's application for leave to proceed in forma pauperis (Doc. 2) and motion for appointment of counsel (Doc. 3).

Plaintiff seeks leave to proceed in forma pauperis.[1] With his application, plaintiff submitted a letter asking the court to direct prison officials to provide a certified trust account statement. Plaintiff states that prison officials have ignored his requests to be provided a certified copy of his prison trust account statement. It thus appears that plaintiff's inability to submit a

---

[1] Plaintiff's application is not accompanied by any trust account statement, certified or otherwise, and the certification portion of the form application was not completed and signed by the appropriate prison official.

1

1  completed in forma pauperis application is no fault of his own, but is due to the inaction of
2  prison officials.  Because plaintiff has otherwise demonstrated by affidavit that he is indigent and
3  entitled to in forma pauperis status, see 28 U.S.C. § 1915(a), the court will conditionally grant his
4  applications subject to later submission of a certified copy of his prison trust account statement.
5  By separate order the court will direct prison officials to submit a certified copy of plaintiff's
6  trust account statement.
7       Plaintiff also seeks the appointment of counsel.  The United States Supreme Court
8  has ruled that district courts lack authority to require counsel to represent indigent prisoners in
9  § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
10 exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
11 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
12 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at
13 this time find the required exceptional circumstances.
14       Accordingly, IT IS HEREBY ORDERED that:
15       1.   Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is
16 conditionally granted;
17       2.   Plaintiff's motion for appointment of counsel (Doc. 3) is denied;
18       3.   Plaintiff is required to pay the full statutory filing fee of $350.00 for this
19 action pursuant to 28 U.S.C. §§ 1914(a) and 1915(b)(1);
20       4.   No initial partial filing fee will be assessed pursuant to 28 U.S.C.
21 § 1915(b)(1); and
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

5. Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account, such payments to be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the statutory filing fee is paid in full, pursuant to 28 U.S.C. § 1915(b)(2).

DATED: October 16, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE