1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ELZA PITTMAN,                              No. CIV S-08-2413-CMK-P

12              Plaintiff,

13        vs.                                    <u>ORDER</u>

14    ALVARO C. TRAQUINA, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26    This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

                                              1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support

the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

impossible for the court to conduct the screening required by law when the allegations are vague

and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

In the caption of his complaint, plaintiff names the following individuals as

defendants:  Traquina, Brimhall, Popson, Rohrer, Basi, Mahon, Tan, Hsieh, and Layen.[1]  Plaintiff

alleges deliberate indifference to a serious medical condition and seeks declaratory, injunctive,

and monetary relief.  Plaintiff's factual allegations are outlined below.

> Tan – Plaintiff was seen by defendant Tan on September 14, 2005.
> Defendant Tan failed to perform an examination but prescribed medication
> to treat plaintiff's condition.  Plaintiff was seen again by defendant Tan on
> November 13, 2007, at which time plaintiff reported on his continuing
> medical problem.  Plaintiff states that defendant Tan did nothing except
> prescribe the same medication.  Plaintiff also states that he was seen by
> defendants Tan and Basi "[f]rom January 2008 through April 2008" and
> that neither defendant ever performed an examination and that they
> continued to prescribe the same ineffective medication.

> Mahon – Plaintiff was seen by defendant Mahon on March 6,
> 2006, after his medical condition had worsened.  Defendant Mahon failed
> to perform an examination but prescribed medication to treat plaintiff's
> worsened condition.  After plaintiff's condition continued to worsen, he
> was seen by defendant Mahon again on September 8, 2006, at which time
> plaintiff stated that the current medication was not working.  Again,
> defendant Mahon did not perform any examination but prescribe the same

---

[1]      In the body of his complaint, in the section entitled "Parties" beginning on page 2,
plaintiff names Traquina, Mahon, Rohrer, Basi, Tan, and Hsieh.  He also names Lahey, which
could be a reference to "Layen" listed in the caption.  He does not name either Popson or
Brimhall, but adds Rallos.  The court will assume for the time being that plaintiff intended to
name each of these individuals as defendants and will direct the Clerk of the Court to update the
docket accordingly.

medication.  Plaintiff was seen by defendant Mahon again on November 15, 2006.  Plaintiff told defendant Mahon that the prescribed medication was ineffective.  Once again, defendant Mahon did not perform any examination and prescribed the same medication.

Basi – Plaintiff was seen by defendant Basi on February 2, 2007.  Despite plaintiff telling defendant Basi that the current medication was not working, defendant Basi did not perform any examination and prescribed the same medications.  After plaintiff had submitted an inmate grievance concerning his medical treatment, he was seen again by defendant Basi on April 24, 2007.  Plaintiff asserts that, once again, defendant Basi did not perform any examination but merely prescribed the same medication.  Plaintiff also states that he was seen by defendants Tan and Basi "[f]rom January 2008 through April 2008" and that neither defendant ever performed an examination and that they continued to prescribe the same ineffective medication.

Lahey – On March 9, 2007, defendant Lahey informally responded to plaintiff's inmate grievance concerning his medical treatment.  Plaintiff states that defendant Lahey "ignored plaintiff's request for treatment . . . and solely responded to the unrelated medication issue."

Popson – Plaintiff was seen by defendant Popson on May 24, 2007, who did not perform any examination but prescribed the same medication.

Traquina – Defendant Traquina prepared a second level response to plaintiff's inmate grievance on June 22, 2007.  Plaintiff states that, other than ordering the same medication, "defendant Traquina failed to order an examination. . . ."

Rohrer – Plaintiff was seen by defendant Rohrer on July 16, 2007, regarding the existing problem and a new medical condition.  Defendant Rohrer performed an examination and prescribed the same medication.

Plaintiff does not set forth any factual allegations as to defendants Layen, Rallos, Hsieh, or Brimhall.

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

1   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

2   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

3   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

4   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

5   when two requirements are met: (1) objectively, the official's act or omission must be so serious

6   such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

7   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

8   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

9   official must have a "sufficiently culpable mind."  See id.

10          Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

11   injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

12   105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

13   health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

14   sufficiently serious if the failure to treat a prisoner's condition could result in further significant

15   injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

16   1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

17   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

18   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

19   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

20   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

21          The requirement of deliberate indifference is less stringent in medical needs cases

22   than in other Eighth Amendment contexts because the responsibility to provide inmates with

23   medical care does not generally conflict with competing penological concerns.  See McGuckin,

24   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

25   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

26   1989).  The complete denial of medical attention may constitute deliberate indifference.  See

4

1    Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

2    treatment, or interference with medical treatment, may also constitute deliberate indifference.

3    See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

4    demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

5         Negligence in diagnosing or treating a medical condition does not, however, give

6    rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

7    difference of opinion between the prisoner and medical providers concerning the appropriate

8    course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

9    90 F.3d 330, 332 (9th Cir. 1996).

10        As to defendants Tan, Mahon, Basi, Lahey, Popson, Traquina, and Rohrer,

11   plaintiff alleges that each was aware of plaintiff's serious medical problem and failed to

12   adequately treat it.  While his allegations could be seen as presenting negligence claims given

13   that these defendants provided some treatment by prescribing and/or ordering medication, read

14   liberally the complaint can also be seen as presenting a claim of delay in necessary treatment.

15   Specifically, plaintiff repeatedly asserts that the prescribed medication was ineffective and that,

16   despite being informed of this and his worsening condition, these defendants failed to take any

17   additional measures to treat his medical problem, thereby delaying and/or denying necessary

18   treatment.  Therefore, the complaint appears to state a claim for relief against defendants Tan,

19   Mahon, Basi, Lahey, Popson, Traquina, and Rohrer.

20        As to defendants Layen, Rallos, Hsieh, and Brimhall, however, plaintiff sets forth

21   no specific factual allegations.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege

22   an actual connection or link between the actions of the named defendants and the alleged

23   deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423

24   U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within

25   the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or

26   omits to perform an act which he is legally required to do that causes the deprivation of which

1   complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

2   conclusory allegations concerning the involvement of official personnel in civil rights violations

3   are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

4   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

5   constitutional deprivation.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff will

6   be provided an opportunity to amend the complaint as to defendants Layen, Rallos, Hsieh, and

7   Brimhall.[2]

8

9                             **III. CONCLUSION**

10           Because it is possible that the deficiencies identified in this order may be cured by

11   amending the complaint, plaintiff is entitled to leave to amend.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d

12   1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

13   amended complaint supersedes the original complaint.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,

14   1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

15   prior pleading in order to make plaintiff's amended complaint complete.  <u>See</u> Local Rule 15-220.

16   An amended complaint must be complete in itself without reference to any prior pleading.  <u>See</u>

17   <u>id.</u>

18           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

20   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

21   each named defendant is involved, and must set forth some affirmative link or connection

22   between each defendant's actions and the claimed deprivation.  <u>See</u> <u>May v. Enomoto</u>, 633 F.2d

23   164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

24   / / /

25

26         [2]       As indicated above, it is possible that defendant Layen refers to defendant Lahey.

1    Because the complaint appears to otherwise state cognizable claims, if no

2 amended complaint is filed within the time allowed therefor, the court will issue findings and

3 recommendations that the claims identified herein as defective be dismissed, as well as such

4 further orders as are necessary for service of process as to the cognizable claims.

5    Accordingly, IT IS HEREBY ORDERED that:

6    1.    The Clerk of the Court is directed to update the docket to reflect that the

7 following individuals are named as defendants:  Tan, Mahon, Basi, Lahey, Popson, Traquina,

8 Rohrer, Layen, Rallos, Hsieh, and Brimhall; and

9    2.    Plaintiff may file a first amended complaint within 30 days of the date of

10 service of this order.

11

12

  DATED: October 16, 2008

13

14                                    _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26